UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAMUEL L. BUOSCIO, | ) | CASE NO. 1:08 CV 676 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICHLAND CORRECTIONAL | ) | AND ORDER |
| INSTITUTION, | ) | |
| | ) | |
| Defendant. | ) | |

On March 18, 2008, *pro se* plaintiff Samuel L. Buoscio filed this action against the Richland Correctional Institution ("RCI"). In the complaint, plaintiff alleges that some of his personal property was lost in a transfer between prisons. He seeks $ 424.33.

## Background

Mr. Buoscio was sent to the segregation unit of RCI on October 14, 2006. On that same day, his personal property was packed up for his segregation stay. Mr. Buoscio was not present when his property was packed. He was transferred to the Marion Correctional Institution ("MCI") on November 19, 2006. At some point thereafter, Mr. Buoscio noticed that some of his property was missing. Three months later, Mr. Buoscio filed an Informal Complaint Resolution form with MCI which listed the property. He values the property at $ 424.33 and requests

reimbursement for the loss of his property.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Mr. Buscio fails to establish any basis for this court's jurisdiction. He insists that he is not filing this as a civil rights action. He contends, "the docket states that I had filed a 42:1983 prisoner civil rights action when this is not so. I had filed a civil complaint for theft of property, and not 42: U.S.C. 1983 prisoner civil rights action." (ECF #4, letter dated April 21, 2008 at 1.) Theft of property is either a state tort or state criminal offense. It is not a federal cause of action and jurisdiction cannot be premised on the existence of a federal question. Moreover, the parties are both residents of the State of Ohio. Jurisdiction cannot be premised on diversity of citizenship. No other basis for federal court jurisdiction is suggested in

the complaint.

Even if Mr. Buoscio were attempting to assert a claim for violation of his civil rights, he would have failed to state a viable cause of action. Mr. Buoscio brings this action against RCI presuming that it employs the individual who confiscated his property. For a supervisor or employer to be found liable for the acts of an employee in a civil rights action, the acts of the employee must have been in accordance with some official policy or custom or when it can be shown that the supervisor encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion of a custom or policy of RCI which may have resulted in the deprivation of a federally protected right of the plaintiff.

**Conclusion**

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/2/08

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.